**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL ACTION** |
| **vs.** | **:** | |
| | **:** | **NO. 5:25-cr-00452-CH-1** |
| **KAUSHALKUMAR J. PATEL** | | |

**ORDER**

AND NOW, this _____day of _____, 2025,

upon consideration of the foregoing Motion for Discovery filed by S. Philip Steinberg, ESQUIRE,

Attorney for Defendant, Kaushalkumar J. Patel, it is here by **ORDERED** and **DECREED** that

said motion is **GRANTED**.

BY THE COURT:

_____
**THE HONORABLE CATHERINE HENRY
UNITED STATES DISTRICT JUDGE**

1

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL ACTION** |
| **vs.** | **:** | |
| | **:** | **NO. 5:25-cr-00452-CH-1** |
| **KAUSHALKUMAR J. PATEL** | | |

### MOTION FOR DISCOVERY

Petitioner, Kaushalkumar J. Patel, by and through his attorney, S. PHILIP STEINBERG, Esquire, hereby submit the following Motion for Discovery and in support thereof respectfully represents:

1. The above defendant hereby moves this Court for an order granting discovery of the following:

   a. Any relevant written or recorded statements, or admissions made by the defendant, or copies thereof, in the possession, control, or custody of the Government, or any agency working for or on behalf of the Government, the existence of which is known to the attorney for the Government. In this request, you should be aware that my request encompasses both pre-indictment and post-indictment material, including any relevant writings made or endorsed by the defendant and any recordings of defendant's conversations by means of electronic surveillance.

   b. All relevant oral statements or utterances made by the defendant, including but not limited to, reports, memoranda, notes or other papers reflecting such oral statements or utterances within the possession, custody, or control of the

2

Government, or any agency working for or on behalf of the Government, the existence of which is known, or by the exercise of due diligence, may become known to the attorney for the Government.

With respect to requests a and b set forth herein, I am expressly seeking copies of any statements or utterances made to Government witnesses by the defendant. United States v Villa, 370 F. Supp. 515 (D.C. Conn. 1974).

In addition, the request for all materials as set forth in this correspondence and in any later motions or oral requests include formal request for originals of all discoverable material pursuant to United States v. Harrison, 524 F. 2d 421 (D.C. Cir. 1976); United States v. Harris, 543 F. 2d 1247 (9th Cir. 1976). You are respectfully placed on notice and asked to preserve and maintain all original, rough, handwritten notes and memoranda prepared by or on behalf of the Government, pursuant to the authority cited herein. You are also respectfully requested to advise the federal agencies and state agencies, if any, to preserve and maintain all original notes, memoranda and papers in conjunction with this correspondence.

    c.  All relevant results of reports of physical, mental, or scientific examination or tests or experiments made or prepared in connection with this case by any expert witness intended to be called by the Government, or copies thereof, within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence, may become known to the attorney for the Government. This request includes, but not limited to, any reports of experiments with respect to any fingerprint analysis, handwriting analysis,

voiceprints, polygraph testing, tapes and splicing, use of a kel-kit, Delcamian decoder, transponder and/or pen register.

d. All books, papers, documents or other tangible objects which are the property of the defendant and which are within the possession, custody or control of the Government.

e. All books, papers, documents, or other tangible objects, or copies thereof, which came into the possession, custody or control of the Government by subpoena, seizure, or request directed to any person who the Government intends to call as a witness at trial, or any corporation, partnership or other unincorporated association wherein a person whom the Government intends to call as a witness at trial was an officer, shareholder, employee or had any ownership interest.

f. Any criminal record of any witness, either utilized within the investigation by the Government, or who the Government intends to call as a witness at trial, or who has testified as a witness at any Grand Jury proceeding.

g. Any promise, understandings, or arrangements, between the Government, its agents and representatives and persons (including counsel for any persons) who the Government intends to call as a witness at trial. "Persons" includes, but is not limited to, corporations, partnerships, and other business entities.

h. The date, time and place of every occasion on which any search or surveillance, whether electronic, photographic, mechanical, visual, aural, or of any other type, which was made of defendant or of his residence, or business office,

4

together with all documents, photographs, sound recordings, or other matters and any transcripts prepared as a result thereof, which have resulted from any seizure from the defendant, his residence or his business office.

i.  The names and addresses of all persons which the Government intends to call as witnesses at trial, and a formal request for copies of their statements ten (10) days prior to the initial trial listing.

j.  Witness Statements.  All statements in the possession of the Government of any individual who is expected to testify at this trial, including any signed statement, 302, Grand Jury testimony, tape recorded or otherwise.

k.  Information with respect to the existence of informants who were either participants in the criminal transaction or were material and/or eyewitnesses to alleged criminal conduct who would constitute Roviaro informants subject to disclosure. In addition, information is expressly requested as to not only the names of the informants and present whereabouts, but a specific request is made herein to permit defense counsel an opportunity to interview said persons at a mutually convenient time and at a reasonable location. It is respectfully requested that the Government respond, in writing, to this demand for discovery so that appropriate motions can be considered.

l.  All documents or information which either tends to exculpate defendant, or tend to be favorable or useful to his defense, or tend to effect the weight or credibility of the evidence to be presented against the defendant, which is within the possession, custody, or control of the Government, the existence of which is

known, or by the exercise of due diligence may become known to the attorney for the Government.   Included within this request is a formal inquiry as to any grant of immunities, promises, deals made, or anything of value paid to any Government witness which has caused them, either in whole or in part, to become a witness against defendant. In addition, the defense requests any F.B.I., I.R.S. or other governmental statements or documents of any person who were interviewed who did not supply incriminating information with respect to defendant. These persons would be potential witnesses and, as such, constitute Brady material. In addition, the defense respectfully requests all information relating to the character or reputation, adverse in nature, regarding any informant utilized in this case which would enable defense counsel to more properly and effectively cross-examine said individual.

m.  All documents or other evidence or information within the possession, custody, or control of the Government which tends to indicate that any of the evidence of the Government against defendants has been a result of any unlawful search or seizure or allegedly lawful or unlawful electronic surveillance. Assuming, arguendo, that any electronic surveillance was conducted in this case, defendant, pursuant to Federal Rules of Criminal Procedure, as well as the Federal Wiretap Statute, requests as follows:

1.  Whether approval was obtained from the United States Department of Justice, Washington, D. C., prior to the recording of any conversations in connection with this investigation. In the event that any electronic

6

interception was conducted pursuant to a formal court order, all papers, requests, affidavits, applications, inventories, and ten day status reports are herein requested.   In the event that any electronic surveillance was conducted with the alleged consent of one or more of the parties, any written consent forms are herein requested.

2.  If no such departmental or court approval was requested, whether it is the position of the United States Attorney's office that approval of the Department of Justice and/or the Court was unnecessary.

3.  The type, brand, serial number and model of tapes recording unit which was utilized in connection with this case.

4.  The type of tapes utilized in connection with the recording of this evidence and the procedure utilized to maintain a chain of custody.

5.  Whether at any time in connection with this case a decoder, transponder, beeper or pen register was utilized.

6.  Whether the Government is in possession, either by request or as a result of subpoena, of any telephone records of any individuals, including but not limited to the defendant.

n.  The names, addresses and qualifications of any experts whom the Government intends to call as witnesses at trial.

o.  Any other books, papers, documents and tangible objects which the Government intends to produce at trial and which are in the possession, custody or control of the Government.   In connection with this request, the defense

7

respectfully asks for copies of any search warrants, underlying affidavits, transcripts prepared in connection with the obtaining of a search warrant, receipts, inventories, indictments, information and all transcripts reflecting the alleged contents of the tape recorded evidence.

Respectfully submitted,

*s/S. Philip Steinberg*
S. PHILIP STEINBERG

<u>**CERTIFICATE OF SERVICE**</u>

S. PHILIP STEINBERG, Esquire hereby certifies that a true and correct copy of the

Defendant's Motion for Expansion of Time has been served by ECF upon:

The Honorable Catherine Henry
United States Courthouse
601 Market Street
Philadelphia, PA 19106

Nancy E. Potts, Assistant United States Attorney
U.S. Department of Justice
Philadelphia, PA 19106


**<u>s/ S. PHILIP STEINBERG</u>**
**S. PHILIP STEINBERG**
**Attorney for Petitioner**
**Two Penn Center**
**1500 John F. Kennedy Blvd., Suite 1300**
**Philadelphia, PA 19102**
**(215) 845-0250**