**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 25-452** |
| **KAUSHALKUMAR J. PATEL** | : | |

**GOVERNMENT'S UNOPPOSED MOTION FOR PSYCHIATRIC/PSYCHOLOGICAL EXAMINATION AND COMPETENCY HEARING PURSUANT TO 18 U.S.C. § 4241**

The United States of America, by and through its attorneys, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, and Nancy E. Potts and Sima Kazmir, Assistant United States Attorneys, hereby files this unopposed motion for a psychiatric/psychological examination of the defendant and a hearing to determine the mental competency of the defendant, Kaushalkumar J. Patel, pursuant to Title 18, United States Code, Section 4241. The United States, in support of its motion, states as follows:

1. On September 19, 2025, the defendant was charged via criminal complaint with (1) fraudulent voter registration, in violation of 52 U.S.C. § 20511(2)(A); (2) fraudulent voting, in violation of 52 U.S.C. § 20511(2)(B); and (3) making a false statement of citizenship to register to vote, in violation of 18 U.S.C. § 1015(f).

2. On October 14, 2025, a grand jury sitting in the Eastern District of Pennsylvania returned a four-count indictment charging the defendant with (1) making a false statement of citizenship in order to vote, in violation of 18 U.S.C. § 1015(f); (2) fraudulent voter registration, in violation of 52 U.S.C. § 20511(2)(A); (3) fraudulent voting, in violation of 52 U.S.C. § 20511(2)(B); and (4) voting by an alien, in violation of 18 U.S.C. § 611. The indictment alleges that the defendant is not a citizen of the United States, that on or about

October 15, 2020, he submitted a false voter registration application in which he falsely claimed to be a United States citizen, and then he illegally voted in the November 2020 general election.

3. On October 29, 2025, the defendant had his initial appearance, entered a plea of not guilty, and was released on bail.

4. On November 7, 2025, in the defendant's ongoing immigration proceedings ("Immigration Proceedings") before the United States Executive Office for Immigration Review Immigration Court in Elizabeth, New Jersey, the defendant's immigration attorney, Raymond G. Lahoud,[1] filed an Emergency Motion for Medical Examination in which he requested an examination of the defendant's brain and memory functioning by a qualified medical professional. *See* Exhibit A ("Emergency Motion").

5. The basis for the defendant's Emergency Motion in the Immigration Proceedings was that, on September 22, 2021, the defendant was the victim of a head-on car accident and then he "progressively suffered from memory loss." Emergency Mot. ¶¶ 4-7. Attorney Lahoud noted that while preparing for the Immigration Proceedings he had observed the defendant struggle with recalling names, dates, faces, and events. *Id.* ¶ 8. Attorney Lahoud raised concerns about the defendant's competency to participate in the Immigration Proceedings. *Id.* ¶¶ 8-12.

6. On November 12, 2025, the immigration judge denied the defendant's Emergency Motion as beyond the scope of the judge's authority. *See* Exhibit B ("Immigration Judge Order Denying Emergency Motion").

7. Since the filing of the Emergency Motion, in which the defendant's own attorney raised serious questions about the defendant's competency, the government is unaware of any

[1] Attorney Philip Steinberg has represented the defendant in this case from its inception. On November 11, 2025, Raymond G. Lahoud entered his appearance as co-counsel on behalf of the defendant in this criminal case, as well.

psychiatric/psychological evaluation or judicial determination regarding the defendant's competency. Attorney Lahoud has informed the government that, as of the filing of this motion, the defendant has not had any competency assessments.

8. A district court is required to conduct a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a); *United States v. Jones*, 336 F.3d 245, 256 (3d Cir. 2003). In making this assessment, a district court "must examine the unique circumstances of the case and decide whether the defendant '(1) has the capacity to assist in her or his own defense and (2) comprehends the nature and possible consequences of a trial.' " *Jones*, 336 F.3d at 256, quoting *United States v. Leggett*, 162 F.3d 237, 242 (3d Cir. 1998). A district court should consider a number of factors, including evidence of a defendant's irrational behavior, the defendant's demeanor, prior medical opinions on competence to stand trial, and counsel's representations as to competency. *Jones,* 336 F.3d at 256 (citations omitted).

9. In light of the defendant's request for a medical examination in the Immigration Proceedings, and the assertions made therein, including his counsel's representations that the defendant struggled recalling names, dates, faces, and events, the United States requests that in this case, the defendant undergo a formal psychiatric/psychological examination by a qualified psychiatrist or psychologist designated by the Court, consistent with the procedures set forth in 18 U.S.C. §§ 4241(b) and 4247(b). Once the examination is complete, a psychiatric or psychological report "shall be prepared by the examiner," and "shall be filed with the court with copies provided to [the parties]." *See* 18 U.S.C. § 4247(c) (setting forth the reporting requirements for a psychiatric/psychological evaluation under Section 4241).

10. The United States further requests that the Speedy Trial Act be tolled until the conclusion of the competency hearing by the Court, pursuant to 18 U.S.C. § 3161(h)(1)(A).

11. Attorney Lahoud has informed the government that he agrees that a competency evaluation is appropriate in this case.

WHEREFORE, the United States requests that this Court enter an order for a formal psychiatric/psychological examination of the defendant, to be followed by a competency hearing consistent with 18 U.S.C. § 4241. A proposed order is attached.

Respectfully submitted,

DAVID METCALF
UNITED STATES ATTORNEY

*s/ Nancy E. Potts*
Nancy E. Potts
Sima Kazmir
Assistant United States Attorneys

Dated: July 14, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 25-452** |
| **KAUSHALKUMAR J. PATEL** | : | |

**ORDER FOR PSYCHIATRIC/PSYCHOLOGICAL EXAMINATION AND**
**HEARING TO DETERMINE MENTAL COMPETECY OF THE DEFENDANT**

AND NOW, upon consideration of the government's unopposed motion for psychiatric/psychological examination and competency hearing pursuant to 18 U.S.C. § 4241, and any response of the defendant to that motion, it is hereby

**O R D E R E D**

pursuant to 18 U.S.C. §§ 4241 and 4247(b) and (c), that the defendant shall submit to a psychiatric or psychological examination and evaluation by a Court-ordered psychiatrist or psychologist, in order to determine his competency and the extent that the defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

IT IS FURTHER ORDERED that the psychiatric or psychological report be prepared by the examiner and that the report be provided to the Court, consistent with the requirements of 18 U.S.C. §§ 4241(b) and 4247(b) and (c). The report shall include the following:

1. The defendant's history and present symptoms;
2. A description of the psychiatric, psychological, and medical tests that were employed and their results;
3. The examiner's findings;
4. The examiner's opinion as to diagnosis, prognosis; and

5. Whether the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

BY THE COURT:

___________________________________
HONORABLE CATHERINE HENRY
UNITED STATES DISTRICT COURT JUDGE

Date: ____________________

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically, is available for viewing and downloading from the Electronic Case Filing system, and was served by electronic filing and electronic mail upon:

Philip Steinberg, Esq.
Two Penn Center
1500 John F. Kennedy Boulevard, Suite 1300
Philadelphia, PA 19102
psteinberg@s2firm.com

Raymond G. Lahoud, Esq.
600 Hamilton Street, Suite 300
Allentown, PA 18101
rgl@raylahoud.com

Date: July 14, 2026

*s/ Nancy E. Potts*
Nancy E. Potts